# 6229974

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK BARNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15 cv 11302 |
| ) | |
| AWI HOLDINGS, INC. d/b/a ) | |
| LEE AUTO PARTS and ) | |
| JOSEPH RUBINO, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, DERRICK BARNEY, by and through his attorneys, CURCIO LAW OFFICES, and complaining against Defendants, AWI HOLDINGS, INC. d/b/a LEE AUTO PARTS and JOSEPH RUBINO, states as follows:

## GENERAL ALLEGATIONS

### Jury Demand

1. Plaintiff hereby demands a 12 person jury trial.

### Parties

2. Plaintiff, DERRICK BARNEY, is a resident of the City of Chebanse, Kankakee County, Illinois.

3. Defendant, AWI HOLDINGS, INC. d/b/a LEE AUTO PARTS, (hereinafter referred to as "Lee Auto Parts"), is a corporation existing by and under the laws of the State of Michigan, with its principal place of business located in Grand Rapids, Michigan.

4. Defendant, JOSEPH RUBINO is a resident of Illinois.

5. On and before April 15, 2015, and at all times relevant herein, Lee Auto Parts, was doing business throughout the state of Illinois, including in the City of Crystal Lake, Illinois.

## COUNT I -AWI HOLDINGS, INC. d/b/a LEE AUTO PARTS

6. On April 15, 2015, and at all times relevant herein, Defendant, Lee Auto Parts, was engaged in the business of marketing, distributing, and/or selling of various automobile equipment.

7. That on and before April 15, 2015, the Defendant owned and/or were in charge of the erection, construction, repairs, alteration, of a certain building or other structure located at 5313 Northwest Highway, in the City of Crystal Lake, McHenry County, and State of Illinois.

8. That at the aforementioned time and place, the Plaintiff was employed by a HVAC company on the roof of said premises in the furtherance of the aforesaid work.

9. That at the aforesaid time and place, and prior thereto, the Defendant, erected, constructed, placed or operated or caused to be erected, constructed, repaired, placed or operated, a certain roof located at 5313 Northwest Highway, in the City of Crystal Lake, McHenry County, and State of Illinois.

10. That at all times material to this Complaint, the Defendant, had a duty to exercise reasonable care in the erection, construction, repair, placement, or operation of said construction site including the provision of a safe, suitable and

proper roof for the Plaintiff and others then and there working.

11. Notwithstanding their duty, at said time and place, the Defendant, by and through their agents, servants and employees, were then and there guilty of one or more of the following carless and negligent acts and/or omissions:

    a. Failed to make a reasonable inspection of the premises and the work thereon, when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff.

    b. Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured.

    c. Failed to provide the Plaintiff with a safe place within which to work.

    d. Failed to warn the Plaintiff of the dangerous conditions then and there existing, when the Defendants knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

    e. Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises.

    f. Failed to supervise previous work done on the aforesaid premises.

    g. Insulated a skylight in the roof creating a hidden dangerous hazard.

12. That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he work on and about the aforesaid roof.

13. That at said time and place, the Plaintiff was working on and about the aforesaid roof when Plaintiff was caused to fall as said roof section collapsed, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

14. As a further direct and proximate result of the aforesaid unreasonably dangerous and/or defective conditions, DERRICK BARNEY, was caused to experience physical pain, mental suffering, emotional distress, disability, disfigurement, a loss of a normal life, all of which conditions and injuries are permanent in nature.

WHEREFORE, Plaintiff, DERRICK BARNEY, prays for judgment in his favor and against Defendant, Lee Auto Parts in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs of bringing this action, with interest, and for any further relief this Court deems appropriate and just.

## **COUNT II – JOSEPH RUBINO**

15. On April 15, 2015, and at all times relevant herein, Defendant, Joseph Rubino, was engaged in the business of marketing, distributing, and/or selling of various automobile equipment.

16. That on and before April 15, 2015, the Defendant owned and/or were in charge of the erection, construction, repairs, alteration, of a certain building or other structure located at 5313 Northwest Highway, in the City of Crystal Lake, McHenry County, and State of Illinois.

17. That at the aforementioned time and place, the Plaintiff was employed by a HVAC company on the roof of said premises in the furtherance of the aforesaid work.

18. That at the aforesaid time and place, and prior thereto, the Defendant, erected, constructed, placed or operated or caused to be erected, constructed,

4

repaired, placed or operated, a certain roof located at 5313 Northwest Highway, in the City of Crystal Lake, McHenry County, and State of Illinois.

19. That at all times material to this Complaint, the Defendant, had a duty to exercise reasonable care in the erection, construction, repair, placement, or operation of said construction site including the provision of a safe, suitable and proper roof for the Plaintiff and others then and there working.

20. Notwithstanding their duty, at said time and place, the Defendant, Joseph Rubino, by and through his agents, servants and employees, were then and there guilty of one or more of the following carless and negligent acts and/or omissions:

  a. Failed to make a reasonable inspection of the premises and the work thereon, when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff.

  b. Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured.

  c. Failed to provide the Plaintiff with a safe place within which to work.

  d. Failed to warn the Plaintiff of the dangerous conditions then and there existing, when the Defendants knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

  e. Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises.

  f. Failed to supervise previous work done on the aforesaid premises.

  g. Insulated a skylight in the roof creating a hidden dangerous hazard.

21. That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he work on and about the aforesaid roof.

22. That at said time and place, the Plaintiff was working on and about the aforesaid roof when Plaintiff was caused to fall as said roof section collapsed, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

23. As a further direct and proximate result of the aforesaid unreasonably dangerous and/or defective conditions, DERRICK BARNEY, was caused to experience physical pain, mental suffering, emotional distress, disability, disfigurement, a loss of a normal life, all of which conditions and injuries are permanent in nature.

WHEREFORE, Plaintiff, DERRICK BARNEY, prays for judgment in his favor and against Defendant, JOSEPH RUBINO in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs of bringing this action, with interest, and for any further relief this Court deems appropriate and just.

           CURCIO LAW OFFICES
           Attorneys for Plaintiff


          By:  s/John A. O'Meara

161 North Clark Street, Suite 2240
Chicago, Illinois  60601
312/321-1111
ARDC No.:  6229974
notice@curcio-law.com